CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KIEL D. TURNER,<br>    Petitioner, | Civil Action No.7:05cv00260 |
| v. | MEMORANDUM OPINION |
| DIRECTOR OF THE DEPARTMENT<br>    OF CORRECTIONS,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Kiel D. Turner brings this 28 U.S.C. § 2254 petition, challenging his convictions in the Circuit Court of Rockingham County. Turner raises multiple claims of trial court error and ineffective assistance of counsel, and he claims there was insufficient evidence to support his conviction. This matter is before the court on the respondent's motion to dismiss. The court finds that Turner has procedurally defaulted several of his claims, that state courts have already adjudicated several of his claims and have rendered decisions which were not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of fact, and that Turner's remaining claims are meritless. Therefore, the court grants respondent's motion to dismiss.

I.

Following extensive witness testimony and forensic evidence, a jury in the Circuit Court of Rockingham County convicted Turner of first degree murder, malicious wounding, three counts of abduction, breaking and entering with the intent to commit robbery, two counts of robbery, attempted robbery, and use of a firearm in the commission of a murder and sentenced him to 121 years. During the trial, witnesses testified that Turner was at the scene of the crime, that he actively participated in the crime, and that he planned the crime. Turner appealed, and the

Court of Appeals of Virginia affirmed his conviction; a three-judge panel of that court also affirmed. The Supreme Court of Virginia denied Turner's petition for further appeal.

On appeal, Turner argued that the trial court erred in joining Turner's trial with that of his co-defendants, in denying his motion for a continuance so he might secure the testimony of a witness who he claims would have impeached the testimony of a co-defendant, and in denying Turner's motion to set aside the verdict or declare a mistrial where the polling of the jury showed that only 11 of 12 jurors concurred in the punishment verdict. The Court of Appeals found that the trial court's decision not to sever did not prejudice Turner because the court admitted no evidence against his co-defendants that was not also admissible against him and because the jury was clearly able to determine individual culpability. The court also found that it was reasonable for the court to deny the motion to continue because a subpoena had been personally served on the missing witness, yet he had failed to appear, despite assuring counsel the day before trial that he would appear and because the witness' testimony would have been cumulative anyway. Additionally, the court dismissed Turner's claim regarding the polling of the jury because he had failed to raise a contemporaneous objection at trial.[1]

Turner then filed a habeas petition in the Supreme Court of Virginia. Citing the rule in Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003), the court refused to review several of Turner's claims because the Court of Appeals had already reviewed them, including Turner's claims that the trial court erred by denying his motion to sever, his motion for a continuance, and

---

[1] However, the court noted that the record established that no juror dissented to the sentencing verdict at the time sentence was rendered and that on further examination, during a hearing related to the issue of polling, the juror whose assent had not been recorded during the actual sentencing hearing indicated that she recalled being polled as to punishment and did not oppose the punishment verdict.

Case 7:05-cv-00260-SGW-mfu Document 19 Filed 11/01/05 Page 2 of 8 Pageid#: 110

his motion for a mistrial or to set aside the verdict due to the alleged lack of unanimity among the jurors; his claims that African Americans were excluded from the jury pool; and his claim of insufficient evidence. Turner also claimed that his attorney had provided ineffective assistance because his attorney "failed to represent [Turner] with diligence and zeal" and because he failed to investigate, produce witnesses, meet with Turner, review discovery with Turner, and abide by Turner's decisions and instructions. The court dismissed the former claim as conclusional, citing Penn v. Smyth, 49 S.E.2d 600, 601 (Va. 1948). As for the latter claim, the court found that Turner had failed to state which specific pieces of evidence counsel failed to discover or which specific instructions counsel failed to follow and, therefore, had failed to show deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984).

In his § 2254 motion, Turner claims that the trial court allowed the exclusion of African Americans from the jury pool and violated his right to a fair trial by denying his motion for a mistrial due to "inflamatory and prejudicial testimony,"[2] by denying his motion to set aside the verdict or declare a mistrial because the jury allegedly was not unanimous on the issue of punishment, by denying his motion to sever, by denying his motion for a continuance.[3] Additionally, Turner claims counsel provided ineffective assistance during the trial and appellate

---

[2] Turner frames this claim as a claim of ineffective assistance, stating that the trial court "rendered counsel an ineffective advocate" by denying the motion; however, the claim is clearly one of trial court error, and the court construes it as such.

[3] Turner also claims that the trial court erred by depriving him of his "right to produce evidence"; however, it is clear that this claim is nothing more than a reiteration of his claim that the trial court erred by denying his motion for a continuance so that he might secure the testimony of a certain witness.

Again, Turner attempts to reframe the claim as an ineffective assistance claim; however, the claim is clearly one of trial court error, and the court construes it as such.

3

stages by failing to investigate Turner's case, by failing to produce witnesses who could have presented exculpatory testimony, by failing to review or present discovery to Turner, by not abiding by Turner's decisions and repeatedly refusing to follow his instructions at trial, and by "fail[ing] to represent [Turner] with diligence and zeal." Finally, Turner claims that his conviction rests on constitutionally insufficient evidence.

## II.

Turner claims that the trial court allowed the exclusion of African Americans from the jury pool and that the trial court erred by denying his motion for a mistrial due to "inflamatory and prejudicial testimony."[4] Turner did not raise these claims on appeal, and a state remedy is no longer available. Accordingly, the court finds that the claims are exhausted but defaulted, Teague v. Lane, 489 U.S. 288, 297-99 (1989), and, therefore, are not reviewable on federal habeas.

## III.

Turner claims that the jury was not unanimous on the issue of punishment and that the trial court denied him a fair trial by refusing to set aside the verdict or grant a mistrial after counsel polled the jury. On appeal, the Court of Appeals of Virginia found that Turner had

---

[4] When refusing review of these claims in conjunction with Turner's state habeas petition, the Supreme Court of Virginia mistakenly found that Turner had raised the claims before the Court of Appeals of Virginia and that that court had adjudicated them on their merits. It appears to the court, though, that Turner raised the claims for the first time in his state habeas petition and that no state court actually adjudicated the claims on their merits. Nevertheless, because Turner did not raise the claims on direct appeal, the Supreme Court of Virginia would have refused to review the claims on the merits pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974), an independent and adequate state ground which, in any event, would have barred federal habeas review. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (holding the Slayton rule to be an adequate and independent state ground for procedural default).

4

procedurally defaulted the claim under Virginia Supreme Court Rule 5A:18.[5] Rule 5A:18 is an independent and adequate state procedural rule,[6] and Turner has not shown cause and prejudice to excuse his procedural default. See 28 U.S.C. § 2254; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). Therefore, the court dismisses the claim.

### IV.

The federal habeas statute prohibits this court from granting relief on any claim that the state court adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 364-5 (2000). The court finds that the Court of Appeals of Virginia adjudicated Turner's claims regarding his motions to sever and for a continue on the merits[7] and that the Supreme Court of Virginia adjudicated Turner's claim that his attorney failed to investigate, produce evidence, review discovery, and abide by Turner's instructions on the merits. These adjudications were not contrary to clearly established federal law, based on an

---

[5] Virginia Supreme Court Rule 5A:18 bars appellate review of an issue where the appellant failed to raise an objection and state the grounds at the time of the challenged court ruling or action.

[6] See 28 U.S.C. § 2254; Wainwright v. Sykes, 433 U.S. 72, 86-7 (1977); George v. Angelone, 901 F. Supp. 1070, 1076-77 (E.D. Va. 1995).

[7] The Supreme Court of Virginia refused to review these claims on state habeas, citing Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) (holding that a court reviewing a state habeas petition need not review a claim already adjudicated on direct appeal). Thus, this court examines the last adjudication of the claims on the merits, which was on direct appeal. See Slavek v. Hinkle, 2005 WL 588852 (E.D. Va.) (citing Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991).

unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses the claims.

The Court of Appeals of Virginia denied Turner's claim that the trial court erred by denying his motion to sever his trial from that of his codefendants. The court found that, because "no evidence was admitted in the other cases that was not admissible in Turner's case" and because "the jury displayed no confusion in determining the individual liability of the codefendants," the trial court's decision did not prejudice Turner's right to a fair trial. The court's decision did not contravene clearly established federal law. See Zafiro v. U.S., 506 U.S. 534 (1993).

The Court of Appeals of Virginia denied Turner's claim that the trial court erred by denying his motion to continue so that he might secure the appearance of a witness. The court found that the proffered testimony of the witness would have been nearly identical to that of another witness who did appear, that there was a low probability that the witness would actually appear, and that the trial court, therefore, did not prejudice Turner's right to a fair trial by failing to grant a continuance so that he might secure the appearance of the witness. The court's decision did not contravene clearly established federal law. See U.S. v. Clinger, 681 F.2d 221, 223 (4th Cir. 1982) (requiring the party seeking the continuance to demonstrate, among other things, that the witness is likely to appear); see also Hamling v. United States, 418 U.S. 87, 127 (1974) (noting that the district court has broad discretion to exclude even admittedly relevant evidence if it is cumulative).

The Supreme Court of Virginia denied Turner's claim that counsel provided ineffective assistance during the trial and appellate stages by failing to investigate Turner's case, by failing

6

to produce witnesses who could have presented exculpatory testimony, by failing to review or present discovery to Turner, and by not abiding by Turner's decisions and repeatedly refusing to follow his instructions at trial. The court found that Turner had failed to state which specific pieces of evidence counsel had failed to discover or which specific instructions counsel had failed to follow and, therefore, had failed to show deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984). The court applied the correct Supreme Court precedent and did so in a reasonable fashion. Accordingly, the court dismisses the claim.

V.

Turner also claims that counsel "failed to represent [him] with diligence and zeal."[8] "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Turner's claim lacks specificity and amounts to nothing more than a generalized attack on counsel's performance. Accordingly, the court dismisses the claim.

VI.

Finally, Turner claims that his conviction rests on insufficient evidence. When

---

[8] Turner raised this claim on state habeas. Citing Penn v. Smyth, 49 S.E.2d 600 (Va. 1948), the Supreme Court of Virginia dismissed the claim as "conclusional." In unpublished opinions, the Fourth Circuit has held that Penn v. Smyth is not an independent and adequate state procedural rule barring federal habeas review unless the petitioner was given an opportunity to amend his petition and particularize his vague claims. See Henry v. Murray, 985 F.2d 553 (Table), 1993 WL 22008 (4th Cir.) (unpublished); Clay v. Murray, 960 F.2d 145 (Table), 1992 WL 83301 (4th Cir.) (unpublished); see also Hupman v. Cook, 640 F.2d 497, 500-01 (4th Cir. 1981) (holding that unpublished opinions are entitled to the weight "generate[d] by the persuasiveness of [their] reasoning").

The court finds the Fourth Circuit's reasoning in Henry and Clay to be persuasive. The record does not suggest that Turner was given the opportunity to amend his pleadings, so the court will not treat Penn v. Smyth as an independent and adequate state ground and will address the claim on the merits.

7

adjudicating a claim of insufficient evidence, federal courts must review the record in the light most favorable to the prosecution and deduce whether a rational trier of fact readily could have found the petitioner guilty beyond a reasonable doubt of the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Conflicts in the evidence are resolved in favor of the prosecution. Id. at 319. The jury had before it ample forensic evidence, as well as testimony that Turner was at the scene of the crime, that he actively participated in the crime, and that he was the mastermind behind the crime. In light of this body of evidence, a rational trier of fact could have and did find Turner guilty beyond a reasonable doubt. Accordingly, the court dismisses Turner's claim.

## VII.

For the foregoing reasons, the court grants respondent's motion to dismiss.

**ENTER**: This ___ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE